## Sally v. Baker, et al.

(Decided June 4, 1918.)

### Appeal from Perry Circuit Court.

1. Municipal Corporations—Construction of Charter—Officers—Selection of Police Judge.—Under sec. 3510, Ky. Stats., in fourth class cities, the judge of the police court shall be elected by the people or appointed by the board of council, as may be determined by ordinance enacted at least sixty days previous to any November election; and an ordinance providing for appointment controls until repealed and need not be re-enacted in each year that a police judge is to be chosen.

2. Officers—Action for Possession of Office—Sufficiency of Petition. —In an action for possession of the office of police judge of a fourth class city and to oust the incumbent, the petition, failing to show title of plaintiff to the office, was insufficient and a demurrer thereto was properly sustained.

HOGG & JOHNSON and F. J. EVERSOLE for appellant.

WILLIAM & GRACE and J. A. GRACE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, who was plaintiff below, claiming to be entitled to the office of police judge of the city of Hazard, a city of the fourth class, instituted this action, under section 483, Civil Code, against W. W. Baker, charging him with having usurped the office of police judge and seeking to oust him. A demurrer to his petition was sustained and, having declined to plead further, the petition was dismissed and he has appealed.

Plaintiff claims to have been elected to the office at the regular election in 1917, but admits that the defendant was appointed by the city council, at its meeting in December, 1917, pursuant to an ordinance enacted at a

regular meeting of the council in July, 1916. Section 3510, Kentucky Statutes, a part of the charter of cities of the fourth class, in so far as it is applicable here, provides:

"The judicial powers of the city shall be vested in and exercised by a court styled 'police court,' which shall be held by a single judge called the 'judge of the police court,' who shall be elected by the people at the general election in November, or appointed by the board of council, as the board may determine by ordinance, enacted at least sixty days previous to any election, in November."

The basis of plaintiff's claim to the office is that the statute means that the police judge is to be elected by the people, unless the board of council should provide for his appointment by ordinance enacted at least sixty days previous to and within the year of every election at which a police judge is to be chosen, and that, as the ordinance providing for the appointment instead of the election of the police judge of Hazard was enacted in July, 1916, and not within the year 1917, in which the term of the police judge expired, it was void and without effect. This contention is based upon the theory that the word "any" as used in the statute preceding the word, "election," means "each," "every," or "all," and that the statute must be construed as though it read, "previous to each, every, or all, elections in November;" and that the city council, in order to avail itself of the privilege of appointment, conferred by the statute, must enact an ordinance providing for such appointment in each, every and all of the years in which an election would otherwise be held to elect a police judge, and not less than sixty days before the date for holding such election. This contention is so clearly at variance with the ordinary meaning of the word "any" as well as the terms of the statute as a whole that it hardly seems necessary to present arguments to refute it.

It is quite plain that the statute does not provide that the election of the police judge shall be by a vote of the people except in such years, when an election would be held, as council had provided by ordinance for his appointment, but confers upon the city council the authority to decide whether the office shall be filled by election or appointment; and when the city council has actually exercised that power by the enactment of an ordinance,

the ordinance is the law as to the method that shall be followed until it is repealed by council. As this ordinance had not been repealed but was in full force and effect at the time of the election in 1917, having been enacted more than sixty days prior thereto, there was no authority for holding an election for the office of police judge at that time, and plaintiff could not have been and was not elected to the office.

The petition showed affirmatively not only that plaintiff had no title to the office, but also that the defendant was regularly appointed by the city council under an ordinance authorizing it so to do, that he had qualified and was in possession of the office; and the court did not err in sustaining the demurrer to the petition.

Wherefore, the judgment is affirmed.