## Horton, et al. v. Horton, et al.

(Decided September 24, 1919.)

### Appeal from Allen Circuit Court.

Taxation—Sale of Property for Taxes—Liens.—Section 4021a of the 1915 edition Kentucky Statutes, being chapter 48, Acts 1912, does not prescribe a limitation within which the owner of property may question the lien on or sale of property for taxes, but it applies only to the tax collecting authority or purchasers at tax sales.

NOEL F. HARPER for appellants.

OLIVER & DIXON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This suit was brought in the circuit court by the appellants, who are the children of D. R. Horton by his first

wife, against his widow, who was his second wife, and her children by him, to sell for the purposes of division amongst the heirs a tract of land in Allen county containing fifty acres.

The decedent died intestate in 1902, and it is alleged that his widow, the appellee and defendants, Kitty A. Horton, with his children by her, continued to occupy the land until some time in 1916, at which time she abandoned it and moved into the state of Tennessee; that because there had been no assignment to the widow of dower or homestead, she by her action elected to take the latter, and that when she moved off of the place she abandoned all rights and interests which she had in the land, either of dower or the right to occupy it as a homestead.

In a second paragraph it was alleged that in 1897 the then sheriff of Allen county attempted to sell the land for taxes past due, and that one Pardue purchased it at the tax sale for the amount of taxes and cost, and that in 1901 the sheriff who made the sale, but who, in the meantime, had gone out of office, attempted to execute to Pardue a deed to the land, and that he in 1908 conveyed to Mrs. Horton, who was his sister, and that she was claiming to own the land absolutely through this tax title. Plaintiffs sought to have the sheriff's deed, as well as the deed from Pardue to the widow, canceled and the cloud which they created removed from the title to the land on the ground, as they allege, that each of them was void because the sheriff had failed to follow the law in several particulars in making the sale, and that in no event could a retired sheriff make a deed to land which he had sold for taxes during his incumbency.

An answer was filed which in substance denied the allegations of the petition as made, and in a separate paragraph, section 4021a, of the Kentucky Statutes, 1915 edition, was relied on as constituting a bar to plaintiffs' right to maintain the suit, it being claimed that this section required this character of action to be brought within five years from the time the taxes became in arrears. Without further pleading defendants moved the court for a judgment upon the face of the papers, which motion was sustained and plaintiffs granted leave to amend, which they did, and alleged the reasons why they claimed that the sheriff was without authority to sell the land for the taxes.

The principal reasons relied upon were that D. R. Horton, Sr., at the time of the levy and sale, owned ample personal property out of which the taxes could be made, and that it was the duty of the sheriff to exhaust the personal property before resorting to the real estate, and that the sheriff failed to advertise the sale according to law. Thereupon, defendants renewed their motion for a judgment upon the face of the papers, which was sustained and the petition dismissed, and complaining of that judgment plaintiffs prosecute this appeal.

It was also contended by plaintiffs in their pleadings that, waiving all questions of the legality of the tax sale, the widow as present occupant of the land could not acquire title adverse to the heirs of the deceased who would be entitled to its possession after her right in it ceased. This by analogy to that rule of the law forbidding a life tenant of land to acquire an interest in it adverse to those in remainder.

The judgment of the court appealed from is in this language:

"This day the above styled cause was submitted to the court for a judgment upon motion of the defendant made upon a former day of this term of court to dismiss the amended petition upon the face of the pleadings because of the plea of limitation, which are set out and invoked in the original answer of the defendant, and after examining the pleadings and the exhibits, and being sufficiently advised, the court is of the opinion that the plaintiffs' cause of action, if any, is barred by the statute of limitation as pleaded in the answer of the defendant, and adjudges that said amended petition be and the same is hereby dismissed. To this ruling of the court plaintiff excepts and objects and prays an appeal to the Court of Appeals, which is granted."

It will thus be seen that the sole ground upon which the learned trial judge dismissed the case was that the section of the statute, *supra,* applied and governed the rights of the parties. That section says: "No action or other proceeding for the enforcement of any lien for taxes or for recovery of possession of any property which has been sold for taxes shall be maintained unless such action or proceeding is commenced within five years from the date on which said taxes became in arrears."

It is a part of the chapter on Revenue and Taxation, and was enacted by the legislature at its 1912 session, and will be found on page 194 of the Acts of that session. Its title reads: "An act limiting the time in which the enforcement of tax titles and tax liens may be effected." Were we confined to the title alone it would seem perfectly manifest that the legislature had in mind only the limiting of the time within which the tax-collecting authority might enforce a lien for taxes by a sale of the property assessed, and the time within which the purchaser at such sale might recover the possession of the property from the owner. There is nothing in the title of the act to indicate that its terms were intended to apply to any action which the owner of the property might institute in an effort to contest the legality of the sale or proceeding under which the taxes were sought to be collected. At the time of the enactment the only statute in existence barring the owner's right with reference to real estate was the limitation of fifteen years, which must have been repealed if the court's interpretation of the section, *supra,* be the proper one. No such repeal is expressly made, and since repeals by implication are not favored and are not to be upheld unless clearly intended by the legislature, we are constrained to hold that the fifteen-year statute of limitation was not affected by the act in question. Beyond this, however, we think the very wording of the statute clearly indicates that it was intended to apply only to the rights and causes of action of the tax-collecting authority and purchasers of property at tax sales and not to those of the owner of the property in the enforcement of his rights. We therefore conclude that the court was in error in adjudging that plaintiffs' right to question the validity of the tax proceeding was barred by limitation, since fifteen years had not elapsed, and the section, *supra,* does not apply.

As will be seen from the judgment, no issue of fact or other question of law presented by any of the pleadings was determined by the trial court, nor was there any evidence taken upon the issues of fact made by the pleadings. It would therefore be improper as well as unjust to the parties for us to undertake now to determine those questions or to adjudicate their rights. Justice demands that the issues be made, testimony taken and the case heard, which may be done upon the return of the case.

Wherefore, the judgment is reversed, with directions to set it aside and permit the parties to plead to an issue, and for proceedings consistent with this opinion.