## Logsdon et al. v. Howard et al.
## Wells v. Chandler et al.
### Nov. 3, 1939.

Terry Hatchett and James W. Stites for plaintiffs Oscar Logsdon and others.

Brent Dickinson, Jr., and George J. Ellis, Jr., for Bess Howard and others.

Ruth L. Wells for Ruth L. Wells and others.

B. H. Vaughan for Mrs. Chandler and others.

Opinion by Judge Thomas—Disposing of injunction motions.

The first case in the caption was filed in the Barren circuit court; whilst the second one was filed in the Johnson circuit court. Each of them presents the same question for determination, and which is the correct time within which candidates for municipal offices, members of the school boards and trustees of common schools may file their nominating papers with the county court clerk in order to procure the printing by him of their names on the official ballot to be voted at the general November election day of the year in which a general election is held.

Chapter 65, pages 106, 114, Article III, Section 11 of an act of June 30, 1892 (enacted following the adoption of our present Constitution); provided for the maximum and minimum times between which such certificates of nomination might be filed by prospective candidates and which fixed the minimum period of fifteen days before the election. It was carried in the official Kentucky Statutes as Section No. 1456 and it has continued to be so designated up to the present time, notwithstanding amendatory statutes have been enacted since then. In 1918 the legislature by Chapter 37, page 106 of the session acts of that year amended and reenacted it, together with others following it. It also enacted new provisions whereby absent voters might cast their ballots at the general election, and it contained twenty sections, the first of which was the reenactment of Section 1456 supra, and its twentieth section, said: "All laws or parts of laws inconsistent or in conflict

with the provisions of this act, are hereby, to the extent of such inconsistency or conflict, repealed. But the provisions of this act shall not apply to elections for municipal officers, members of school boards or trustees."

Therefore, the excepting provisions contained in its Section 20 left our statutory law, as applicable to candidates for such excepted positions the same as it existed prior thereto, which prescribed a minimum time of fifteen days before which such nominating papers for the excepted offices might be filed with the proper county court clerk. Section 20 of the act was thereafter carried in the official statutes as Section 1520a-15, and it so appears in the 1922 edition of Carroll's Kentucky Statutes.

The 1918 act in its twenty sections was not confined to a single phase of our theretofore existing election laws, but it amended and reenacted various sections relating to elections, and which was done in consecutive sections of the act. In addition thereto it contained provisions creating an entirely new method whereby absent voters could stamp their ballots in regular elections and mail them to the county court clerk of the county in which they were legal voters. The injection of that new material also called for provisions for the registration of absent voters, and the creation of other machinery by which the absent voters' provisions could be effectually carried out. Therefore, in compiling the official Kentucky Statutes, after the enactment of the 1918 amendatory statute, the editors of the compilation placed its various sections in the category of previous sections relating to the various subjects dealt with in that act instead of designating them consecutively as enacted. Hence Section 20 therein, as we have seen, became Section 1520a-15 in the 1922 edition of the official Kentucky Statutes; while prior sections thereto were distributed under the various phases of our election laws to which the 1918 act related.

In the case of Clark v. Nash, County Court Clerk, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304, decided November 1, 1921, there was presented to this court the question of the constitutionality of all of the sections of the 1918 act prescribing for the casting of ballots by absent voters in regular elections, and we held all of them to be unconstitutional as violative of Section 147 of our fundamental law. Thereafter the compilers of the

official statutes, in preparing material for that publication in its editions following the 1922 one (the first of which was in 1930), expunged from it all of the sections declared to be unconstitutional. But in doing so and by oversight they also dropped from the list of sections of the 1918 act its Section 20 which we did not invalidate in the Nash opinion, and which, as we have seen, had theretofore been carried in the official statutes as Section 1520a-15. It continued to be unpublished in following editions of the official Kentucky Statutes; but Section 1456 continued to be published as modified by the 1918 act, until the taking effect of Chapter 60, page 395 of the regular session acts of 1938. That (1938) act amended it so as to require petitions by candidates for state offices with the Secretary of State to be filed "at least forty days *before* the *first* Saturday in *August,* preceding the day fixed by law, for the election of the person in nomination" (our italics), and petitions by candidates for office whose nomination papers were required to be filed with the various county court clerks to be filed "at least thirty days before the first Saturday in August, preceding the day fixed by law, for the election of the person in nomination."

The 1938 act contained no repealing clause of any prior statute "inconsistent therewith" and its title expressly confined its subject matter as being "An Act to amend and reenact Section 1456 of the Kentucky Statutes, Carroll's 1936 edition, being Section 11, Article 3, of Chapter 65 of the Acts of the General Assembly of 1892, as amended by Section 1 of Chapter 37 of the Acts of the General Assembly of 1918, relating to and providing for the time of filing of certificates and petitions of nomination." The title, therefore, expressly confined its subject matter to amending and re-enacting Section 1456 of our then Kentucky Statutes, and which was the section as amended by the 1918 act which the opinion in the Nash case did not disturb. As if to emphasize the specification, the title of the 1938 act designated the prior statute that it proposed to amend and reenact, not only as being Section 1456 of our then Kentucky Statutes, but also said that it was *Section 11* of Article III of Chapter 65 of the Acts of the General Assembly of 1892, as it was amended by *Section 1* of Chapter 37 of the Acts of the General Assembly of 1918. It, therefore, did not in its title propose or even intimate that it was intended in the subject matter of the

act to amend, repeal, reenact, or otherwise interfere with any other section of either the 1892 or the 1918 enactments, except those of each of them as designated in the title, or to in any wise interfere with any other designated section appearing in prior editions of the Kentucky Statutes. See the case of South v. Fish, 181 Ky. 349, 205 S. W. 329.

As we have seen, the 1938 act did not expressly repeal other acts "inconsistent therewith" and the only repealing effect that may be attributed to it is by implication, but which character of repeals are not favored and are never declared, unless clearly made to appear. The legislature in the enactment of the 1938 act made it *clearly appear* that it did not intend to modify, or to otherwise change or alter any section of our statutes, except the single one designated in the title of that act, and to leave in force and effect all other valid enactments, including those qualifying that section. So that, the amended section (1456) contained in the 1938 act is still qualified by any such unrepealed modifying section, one of which is Section 20 of the 1918 act, and which, as noted, later became Section 1520a-15 in the editions of the official Kentucky Statutes.

The meticulous care with which the legislature circumscribed its title to the 1938 act not only sustains the interpretation we have made of the described situation, but it even goes so far as to not admit of any other interpretation. Neither it nor the prior 1918 amendment of Section 1456 of the official Statutes made any changes in that section different from its original phraseology, except to change the maximum and minimum times preceding the regular election within which certificates of nomination or nominating papers might be filed with the county court clerk, but the 1918 amendment excluded from its amendatory provisions (by its Section 20) municipal and school elections in territories within the county, notwithstanding the broad language of Section 1456 would otherwise embrace them the same as county offices. There is nothing in the 1938 act remotely pointing towards a purpose of the legislature enacting it to reincorporate within its broad language the excluded offices made by Section 20 of the 1918 act. On the contrary, as we have seen, it manifested a clear intention not to do so. There being no *express* repeal in the 1938 act, and the prominence of a clearly indicated intention of the legislature enacting it to not effect an

*implied* repeal of the prior Section 1456, there remains no alternative but to conclude that Section 20 of the 1918 act is still in full force and effect.

However, if there were greater doubt concerning the question of implied repeal than we have found to exist, then we are confronted with the fact (of which we take judicial knowledge as a part of the current history of elections in the state), that, following the enactment of the 1918 act, and continuing after our opinion in the Nash case, Section 1456 as amended by that act was administratively interpreted as not applying to municipal offices, nor to members of boards of education, or common school trustees, and that candidates for any of those positions might and did file their nomination papers with their respective county court clerks at any time prior to the minimum period of fifteen days preceding the general election, in conformity with Section 20 of the 1918 act; and all of which was done because of contemporaneous interpretation by everyone that the 1918 reenacted Section 1456 by that act did not apply to such municipal and school offices. We have no right to conclude that the 1938 legislature in amending the involved section intended to accomplish any more than what it said, which was to amend only Section 1456 of our Statutes, and to not disturb any other independent section by which its apparent sweeping terms became modified, and which had the effect to continue Section 1520a-15 of the 1922 edition of the Statutes—it being Section 20 in the 1918 act.

Wherefore, it is the opinion of the Court that the injunction motions involved in these cases should be disposed of so as to carry into effect the interpretations hereinbefore made—all of which has been done by proper orders. This opinion—pursuant to another order already made—will be published officially as the opinion of the Court.

The Whole Court sitting.