## Cox v. Preston.

Jan. 30, 1940.

W. Howes Meade for appellant.

Ben H. Vaughan, R. B. Harrington and Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Prior to 1933 the office of police judge in Paintsville, a city of the fourth class, had been filled by election. In January of that year the city council adopted an ordinance providing for the appointment of the mayor and the police judge for the four year term beginning the first Monday in January, 1934. Section 1 of the ordinance is as follows:

"That the office of Mayor and Police Judge for the City of Paintsville, Johnson County, Kentucky, shall be filled by appointment of Mayor and Police Judge by the City Council, of the said city for the four year term, beginning the 1st Monday in January, 1934. Their term of office shall be during the pleasure of the Council."

The city council has taken no further action on the method of selecting the police judge. The office was filled by appointment for the four year period mentioned in the ordinance. On December 6, 1937, the appellant, W. H. Cox, was appointed police judge for a term of four years. He qualified for the office and entered upon his duties January 1, 1938.

On July 5, 1939, Cox filed a petition of nomination for the office of police judge. His reason for doing this, according to his pleadings and his affidavits in support thereof, was that he was advised by Mrs. Ruth L. Wells, city attorney, who was a candidate for re-election to that office, that when an office was filled by appointment the term was for only two years. He stated further that he is not an attorney and felt justified in relying upon the advice of Mrs. Wells, and therefore filed for the office through the mistaken belief that his appointive term was for only two years.

Subsequently, and before the general election November 7, 1939, Cox attempted to keep the appellee, William Preston, and another from having their names printed on the ballot as candidates for police judge on the ground that they had not filed in time under the 1938 amendment (Acts 1938, c. 60) to Section 1456 of the Statutes. It was decided, however, in the injunction proceedings of Logsdon v. Howard (Wells v. Chandler), 280 Ky. 342, 133 S. W. (2d) 60, that said amendment did not apply to municipal offices, so Cox was unsuccessful in keeping the names of his opponents off the ballot. Preston received more votes than both Cox and the third candidate. He was duly issued his commission

and later qualified for the office and sought to enter upon his duties as police judge January 1, 1940. Cox brought this suit seeking to enjoin him from acting in that capacity, contending that he was the duly appointed judge until January 1942. After the issues were joined the trial judge ruled, after hearing arguments of counsel and considering the pleadings and affidavits, that the ordinance of 1933 relied upon by Cox only applied to the four year term beginning in January, 1934, and was not sufficient to authorize his appointment for a four year term. It was therefore adjudged that Preston was the duly elected and qualified police judge. Cox's petition was dismissed and Preston was quieted in his right to the office; hence this appeal.

It is the appellant's contention that the ordinance of 1933, providing for the appointment of the mayor and police judge for the four year term beginning in January, 1934, was in full force and effect when he was appointed for a full term December 6, 1937, and that no estoppel should work against him due to the fact that the filing of his petition of nomination resulted from his erroneous belief that his term was for only two years. Counsel for the appellee agrees that the main question in the case is the construction of the ordinance of 1933. We must decide whether that ordinance constitutes a change in the method of selecting the police judge in Paintsville until such time as it is repealed, or whether, as contended by the appellee, it was meant to apply only to the four year period beginning January 1, 1934. Sally v. Baker, 180 Ky. 833, 203 S. W. 724.

At the outset we are faced with the appellee's contention that, since the ordinance in question dealt with the office of mayor as well as that of police judge, the council meant to treat them on the same basis. Section 3484 of the Statutes requires that an ordinance with reference to the selection of mayor in cities of the fourth class be adopted in the year in which the election of mayor falls. Section 3510 relates to the council's power as to the method of selecting the police judge in such cities. That section merely requires that the ordinance providing for the method of selecting the police judge be enacted 60 days before any November election. The case of Craft v. Baker, 194 Ky. 205, 238 S .W. 389, which dealt with an ordinance providing for the appointment of the mayor of Hazard to fill a vacancy after a certain date, is relied upon by the appellee. We find

ourselves unable to agree with the appellee's contention, because the two offices referred to in the ordinance are entirely different as to duties and functions and are dealt with in different statutes in regard to the method of filling them. This case involves only the method of selecting the police judge, so we will confine our consideration to that question.

The appellant relies upon the case of Baker v. Combs, 194 Ky. 260, 239 S. W. 56, 58. In that case the city council of Hazard adopted the following ordinance relating to the method of selecting the chief of police:

"Ordinance.

"Chief of Police of the City of Hazard.

"The city council of the city of Hazard do ordain as follows: That the chief of police of the city of Hazard shall be elected by the qualified voters of the city of Hazard at the regular November election, 1919, and his compensation shall be fixed by the council."

In holding that the ordinance expressed the purpose of the council to change the method of selecting the chief of police from appointment to election, this Court said:

"* * * It expressed the purpose of the council to change the method from an appointive to an elective mode of election, and was an ordinance which the council had the power to make effective by adoption, 60 days before 'any November election.' Section 3504, supra. In this the statute authorizing it is very dissimilar to Section 3484, supra, relating to an ordinance providing for the election of a mayor, as that statute required the ordinance to be enacted 'in the year' in which the appointment or election was due to be made. The ordinance changing the method of selecting a chief of police was evidently intended to control the manner of so doing until repealed, which the council may do at any time 60 days preceding any November election, and is to be construed as held in Sally v. Baker, 180 Ky. 833, 203 S. W. 724."

In the case before us the ordinance provided that the police judge be appointed for the four year term beginning the first Monday in January, 1934. A comparison of the Hazard ordinance relating to the method of selecting the chief of police and the one before us

shows that each referred to the time when a term would begin. We are of the opinion, especially in view of the Baker v. Combs case, supra, that the city council of Paintsville meant to and did change the method of selecting the police judge from election to appointment, and that the ordinance in question not having been repealed is in full force and effect. The filing of nomination papers by Cox, and his efforts to keep the names of other candidates off the ballot in the November election, do not alter the case. He was duly appointed to and qualified for a four year term beginning January 1, 1938, and he should be permitted to serve out his term.

Wherefore, the judgment is reversed with directions to set it aside and to enter a judgment in conformity with this opinion.