**COMMONWEALTH OF KENTUCKY,**
Appellant,

v.

**Joshua REYNOLDS, Appellee.**

No. 2003–SC–0154–CL.

Supreme Court of Kentucky.

June 17, 2004.

Justin D. Verst, Campbell County Attorney, Newport, Robert E. List, Assistant Campbell County Attorney, Covington, Counsel for Appellant.

Burr J. Travis, Busald Funk Zevely, PSC, Florence, John Palombi, Dennis Stutsman, Department of Public Advocacy, Frankfort, Counsel for Appellee.

LAMBERT, Chief Justice.

Pursuant to CR 76.37(10), the Commonwealth sought certification of the law on issues regarding Driving Under the Influence ("DUI") prosecutions of persons under the age of twenty-one, and this Court granted the certification request. The precise issue here is whether the Commonwealth may prosecute persons under the age of twenty-one years only under KRS 189A.010(1)(e), which creates a *per se* violation for having a significantly lower alcohol concentration than the standard *per se* violation, or whether the Commonwealth may elect to prosecute persons under twenty-one under the standard *per se* violation subsection, KRS 189A.010(1)(a). The Commonwealth claims detriment by being limited to prosecuting persons under the age of twenty-one solely under (1)(e) because no enhanced penalty for prior convictions can be imposed. KRS 189A.010(1)(a) requires proof of a higher alcohol concentration, but it also permits enhanced penalties if the defendant has prior DUI convictions.

The relevant facts are as follows. On January 25, 2002, Respondent, Joshua Reynolds, was charged with DUI under KRS 189A.010. On February 12, 2002, Reynolds moved the trial court to dismiss the charges because the Commonwealth charged him under subsection (5)(a), which is not the charging subsection but rather the penalty subsection. The Commonwealth responded and moved to amend the charge, and proceed under KRS 189A.010(1)(a), (b), or (e). The parties stipulated the following facts: (1) on January 25, 2002, Reynolds was under the age of twenty-one; (2) Reynolds was charged with a violation of KRS 189A.010(1), first offense; and (3) Reynolds, while operating a vehicle in Kentucky, had an alcohol concentration of more than 0.08 percent.

In November of 2002, the trial court held that the Commonwealth could not proceed pursuant to subsection (1)(a)[1] against Reynolds, because he was under the age of twenty-one and for that reason the Commonwealth could only prosecute him for a *per se* violation under subsection (1)(e). The Commonwealth argued that *Commonwealth v. Wirth*[2] allowed it to elect to prosecute under multiple subsections, but the trial court disagreed. On February 13, 2003, Reynolds entered a guilty plea under KRS 189A.010(1)(e), and was sentenced pursuant to KRS 189A.010(7) under the guidelines of KRS 189A.010(5) to a $250.00 fine and a 120–day license suspension.

In this certification proceeding, the Commonwealth contends that it should be allowed to make the determination as to whether a person who is under the age of twenty-one should be prosecuted under the *per se* violation subsections (1)(a) or (1)(e). Reynolds argues that the Commonwealth

must proceed under KRS 189A.010(1)(e) if the person is under twenty-one years of age. Reynolds further argues that following the amendment of KRS 189A.010 adding subsection (1)(e), the Commonwealth has been denied an election to prosecute underage offenders under subsection (1)(a). Both the Commonwealth and Reynolds agree that convictions under subsection (1)(e) cannot be used for enhancement purposes.

The General Assembly amended KRS 189A.010 and subsection (1) now provides as follows:

(1) A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

(a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle;

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability;

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability; or

(e) Having an alcohol concentration of 0.02 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a

---

1. Respondent conceded that the Commonwealth could proceed against him under subsection (1)(b).

2. Ky., 936 S.W.2d 78 (1997).

motor vehicle, if the person is under the age of twenty-one (21).[3]

Subsection (1)(e) is known generally as the "Zero Tolerance" rule because it provides for a *per se* DUI violation for persons under the age of twenty-one for having modest levels of alcohol concentration. In combination with the amendment, the General Assembly also added subsections that focus on punishment and those subsections provide as follows:

(6) Any person who violates the provisions of subsection (1)(e) of this section shall have his driving privilege or operator's license suspended by the court for a period of no less than thirty (30) days but no longer than six (6) months, and the person shall be fined no less than one hundred dollars ($100) and no more than five hundred dollars ($500), or sentenced to twenty (20) hours of community service in lieu of a fine. A person subject to the penalties of this subsection shall not be subject to penalties established in subsection (5) of this section or any other penalty established pursuant to KRS Chapter 189A, except those established in KRS 189A.040(1).

(7) If the person is under the age of twenty-one (21) and there was an alcohol concentration of 0.08 or greater based on the definition of alcohol concentration in KRS 189A.005, the person shall be subject to the penalties established pursuant to subsection (5) of this section.[4]

Subsection (5) of KRS 189A.010 provides for harsher penalties than subsection (6), and with the second and subsequent violation successively harsher penalties.

This Court has already upheld the validity of subsection (1)(e). In *Commonwealth v. Howard,*[5] we held that KRS 189A.010(1)(e) was not unconstitutional as such it "does not violate the Fourteenth Amendment to the United States Constitution because it is rationally related to a legitimate state purpose."[6] In *Commonwealth v. Wirth,*[7] we addressed the issue of "whether the Commonwealth must elect under which section of KRS 189A.010(1) it intends to proceed."[8] In that case, the Commonwealth desired to prosecute under subsections (1)(a) and (1)(b). It was determined that the newly created *per se* subsection "[did] not create a new or separate offense, but merely provide[d] an additional means by which a motor vehicle alcohol related offense may be committed."[9] In *Wirth,* the Court allowed the Commonwealth to pursue a conviction on both the *per se* subsections and the "under the influence" subsection. In the interest of fairness we added a requirement that the Commonwealth provide sufficient notice to the defendant.

While we do not agree with an interpretation that the statute or laws requires an election as to which of the four statutory subsections will be prosecuted to the exclusion of all others, it would appear that fundamental fairness and appropriate trial preparation requires notice as to which statutory subsections will be proven by the Commonwealth.[10]

Accordingly, we held that the trial court erred by prohibiting the Commonwealth

---

3. KRS 189A.010(1).

4. KRS 189A.010(6) and (7).

5. Ky., 969 S.W.2d 700 (1998).

6. *Id.* at 703.

7. Ky., 936 S.W.2d 78 (1997).

8. *Id.* at 80.

9. *Id.*

10. *Id.* at 81.

from pursuing a conviction under multiple sections of KRS 189A.010(1).

Despite the central holding in *Wirth* that enactment of the *per se* violation provision did not create a new or separate offense but merely provided an additional means by which such an offense could be committed, the trial court believed *Wirth* did not apply in the case of offenders under the age of twenty-one who have an alcohol concentration of 0.02 or greater. On this point, the trial court may have been correct. With prosecutions for *per se* violations under (1)(a) and "under the influence" violations under (1)(b), there is a parallel purpose. That purpose is to punish alcohol-impaired operators of motor vehicles and a legislative determination has been made that 0.08 alcohol concentration and being under the influence each constitute impairment. KRS 189A.010(1)(e) is somewhat discordant in that it fixes the level of alcohol concentration at a low level and limits its application to persons who are under the age of twenty-one years. One could argue that (1)(e) is more intensely focused on the age of the offender than on impairment as the operator of a motor vehicle.

How ever one analyzes the statute with respect to purpose, our role is to interpret the statutory language and determine the intent of the legislature as we answer the certified question of law. When interpreting statutes, it is the duty of this Court to ascertain and effectuate the intent of the legislature.[11] We should not add or subtract from the statute, nor should we interpret the statute to provide an absurd result. The determination required by the statute here is whether subsections (1)(a) and (1)(e) are both applicable to persons under the age of twenty-one. The *per se* subsection (1)(e) applies only to persons under the age of twenty-one who have an alcohol concentration of 0.02 or more, and subsection (1)(a) applies to "person[ (s) ] ... having an alcohol concentration of 0.08 or more ...." There is no language in KRS 189A.010(1)(a) that limits its application to persons who are twenty-one years or more. To reach another conclusion would require the addition of language or the discovery of legislative intent not apparent from the enactment.

Our conclusion that one who is under twenty-one may be prosecuted under subsection (1)(a) is strengthened by an analysis of the penalty provisions. The punishment for a conviction under subsection (1)(e) is contained in subsection (6), yet subsection (7), which is limited to persons under the age of twenty-one, directs punishment for an alcohol concentration of 0.08 or more under subsection (5). This directive reveals no intent of the legislature that persons under the age of twenty-one with an alcohol concentration of 0.08 or more be immunized from the severe penalties of subsection (5). While subsection (5) does not recognize a conviction under (1)(e) as punishable under that subsection, subsection (7) directs punishment of persons under twenty-one with an alcohol concentration of 0.08 or greater pursuant to subsection (5). Thus, it follows that the legislature intended for persons under the age of twenty-one who are convicted under (1)(a) to be punished under subsection (5) as is prescribed in subsection (7).

Reynolds contends that subsection (1)(e) repealed by implication the applicability of subsection (1)(a) to persons under the age of twenty-one. His argument that the Commonwealth cannot proceed against

11. KRS 446.080(1); *Beckham v. Board of Education of Jefferson County*, Ky., 873 S.W.2d 575 (1994); *Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247 (1962).

**446**

a person under the age of twenty-one under subsection (1)(a) presupposes that (1)(e) effected a repeal by implication. It is well established that repeal by implication is strongly disfavored and will not be discovered unless the statutes are disharmonious and a subsequent enactment negates the former.[12] Here neither condition has been satisfied.

The various enactments in KRS 189A.010 et. seq., reveal an intent to enforce strict rules relating to alcohol concentration and the operation of motor vehicles. Persons under the age of twenty-one may be punished for having a lower alcohol concentration than persons who are of age, but suffer less severe punishment for such violations. However, there is no indication that the General Assembly intended that persons under twenty-one be subject only to the lesser penalties of subsection (1)(e). As shown hereinabove, persons under the age of twenty-one who violate subsection (1)(a) will be subject to the penalties prescribed in subsection (5).

Accordingly, to give effect to the entire statute, to not make any part of it a nullity, and to not create an absurdity in its application, this Court determines that subsection (1)(e) does not require all persons under the age of twenty-one to be charged and convicted solely under KRS 189A.010(1)(e). Also, a person under the age of twenty-one with an alcohol concentration of 0.08 or more may be convicted under KRS 189A.010(1)(a). The *Wirth* decision allowing prosecution pursuant to KRS 189A.010 on the bases of multiple theories is still applicable and the Commonwealth is required to give notice as to the subsections that it intends to prove.

The law is so certified.

All concur.

**12.** *Caterpillar, Inc. v. Brock,* Ky., 915 S.W.2d 751 (1996); *see also Benjamin v. Goff,* Ky., 314 Ky. 639, 236 S.W.2d 905 (1951); *Ruby Lumber Co. v. K.V. Johnson, Co.,* 299 Ky. 811, 187 S.W.2d 449 (1945); *Logsdon v. Howard,* 280 Ky. 342, 133 S.W.2d 60 (1939); *Lewis v. Mosely,* 215 Ky. 573, 286 S.W. 793 (1926); *Horton v. Horton,* 185 Ky. 131, 214 S.W. 883 (1919); *Board of Education of Hopkins County v. Brooks,* Ky.App., 824 S.W.2d 431 (1992).