John SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–CA–000214–DG.

Court of Appeals of Kentucky.

Sept. 24, 2004.

Discretionary Review Denied by Supreme Court June 8, 2005.

Code." *Tharp, supra,* at 365.

Bobby Amburgey, Mt. Vernon, KY, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Jeff Moss, Garrard County Attorney, Lancaster, KY, for Appellee.

Before JOHNSON, TAYLOR, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

This court granted discretionary review of an order from the Garrard Circuit Court affirming the Garrard District Court's judgment after a jury found John Smith guilty of driving under the influence (DUI), pursuant to KRS 189A.010. Smith argues that the trial court erred by failing to dismiss the action based on the Commonwealth's failure to elect under which subsection of KRS 189A.010 it would proceed. For the reasons stated hereafter, we affirm.

On January 10, 2001, a Kentucky State Police officer stopped Smith after observing his vehicle cross a highway centerline and then veer to the fog line. The officer gave Smith various field sobriety tests, all of which he failed. The officer arrested Smith and gave him an Intoxilyzer test, which measured .088. Smith was charged with violating KRS 189A.010(5)(a), operating a motor vehicle under the influence of alcohol/drugs, first offense.

The matter proceeded to discovery, and Smith requested

> [a]ll evidence known to the Commonwealth which tends to exculpate the defendant of the charges against defendant or which tend to show that the crime committed by the defendant is a different crime than charged or was in fact a lesser degrees [sic] of the crime charged or which might be necessary to prevent unfair surprise at trial.

The Commonwealth responded that Smith was "charged with DUI 1st, BA results 0.88" [sic]. In response to Smith's request for the identity and anticipated testimony of any expert who was to be called by the

Commonwealth, the Commonwealth stated:

> Trooper Eric Taylor will be the witness for the Commonwealth. He will testify to the operation of the vehicle of Mr. Smith while traveling west on Ky Hwy 52. The defendant was crossing the centerline on the highway. Upon stop of the vehicle, Trooper Taylor observed a strong smell of alcohol on his person, his eyes were red and glassy and defendant displayed slurred speech. The defendant was given filed [sic] sobriety test HGN, walk and turn, one leg stand and PBT. Defendant failed all tests and was placed under arrest for DUI. The defendant was read the implied consent card at 2329 and BA was given at 2355. The BA result was a 0.88[sic]. Defendant was offered a blood test and defendant refused. Commonwealth does not intend to call any expert wit4ness [sic] at this time. Commonwealth will supplement its response should this information change.

At the close of the Commonwealth's case during Smith's jury trial, defense counsel moved for a directed verdict based on the fact that the Commonwealth had failed to inform him under which subsection of KRS 189A.010(1) it would proceed. The judge denied this motion, and the jury ultimately found Smith guilty of DUI under KRS 189A.010(1)(a) and (b). The circuit court affirmed the district court's decision. This court granted discretionary review.

■ First, we note that Smith's discovery request, set out above, did not ask the Commonwealth to specify under which subsection of KRS 189A.010(1) it would proceed. Thus, the sole issue on appeal is whether the Commonwealth was required to notify Smith of the subsection(s) of KRS 189A.010(1) under which it would proceed,

even though Smith did not request the information.

KRS 189A.010(1) provides as follows:

A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

(a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle;

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability;

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability; or

(e) Having an alcohol concentration of 0.02 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle, if the person is under the age of twenty-one (21).

The court in *Commonwealth v. Wirth*, Ky., 936 S.W.2d 78 (1996), held that the Commonwealth may prosecute a defendant under multiple subsections and theories of KRS 189A.010(1), and that it is not required to elect one subsection, to the exclusion of all others, under which to proceed. As noted by Smith, *Wirth* also mandated that the Commonwealth must inform a defendant under which subsection(s) of KRS 189A.010(1) it will proceed, stating as follows:

> *While we do not agree with an interpretation that the statute or laws requires an election* as to which of the four statutory subsections will be prose-

cuted to the exclusion of all others, *it would appear that fundamental fairness and appropriate trial preparation requires notice as to which statutory subsections will be proven by the Commonwealth. Such notice should be given in good faith within a reasonable time prior to trial to permit the defendant to assemble evidence in opposition to the charges against him. A blanket notice covering all possible violations without regard to the available evidence would defeat the purpose and be tantamount to no notice at all.*

936 S.W.2d at 81 (emphasis added). Thus, *Wirth* places an affirmative duty on the Commonwealth to notify a defendant regarding which subsections of KRS 189A.010(1) it will attempt to prove.

In *Commonwealth v. Reynolds*, Ky., 136 S.W.3d 442 (2004), the Kentucky Supreme Court acknowledged that *Wirth* created an affirmative duty on the Commonwealth. In discussing subsections (a) and (b) of KRS 189A.010(1), the court stated, "[i]n *Wirth*, the Court allowed the Commonwealth to pursue a conviction on both the *per se* subsections and the 'under the influence' subsection. *In the interest of fairness we added a requirement that the Commonwealth provide sufficient notice to the defendant.*" 136 S.W.3d at 444 (emphasis added). Further, the court held, "[t]he *Wirth* decision allowing prosecution pursuant to KRS 189A.010 on the bases of multiple theories is still applicable and the Commonwealth is required to give notice as to the subsections that it intends to prove." *Id.* at 446.

Here, the facts clearly show that Smith was over 21 years of age, that he was charged with DUI, and that the Intoxilyzer 5000 had produced a blood alcohol reading of .088. In addition, the citation described Smith's driving and his performance on field sobriety tests, and it indicat-ed that blood and urine samples were not taken. Smith was therefore on notice that he was subject to prosecution under subsections (a) and (b) of KRS 189A.010(1). The Commonwealth's discovery responses set forth in detail the proof which it would present. At trial, Smith's counsel conducted a vigorous and thorough cross-examination of the arresting officer as to the facts of the arrest, Smith's driving, the field sobriety tests, and the operation of the Intoxilyzer 5000. Further, Smith's counsel presented an expert witness concerning the Intoxilyzer 5000. Certainly, these steps satisfied the underlying purpose of the *Wirth* notice requirement, *i.e.,* "to permit the defendant to assemble evidence in opposition to the charges against him."

Even if we were to agree that the Commonwealth did not technically and explicitly give notice as to the subsections of KRS 189A.010(1) under which it intended to prosecute Smith, we believe the facts of this case are such that any error was harmless. Under RCr 9.24, any error or defect must be disregarded if it "does not affect the substantial rights of the parties." An error is deemed harmless if, upon consideration of the entire case, there appears to be no likely possibility that the result would have been different in the absence of error. *Scott v. Commonwealth*, Ky., 495 S.W.2d 800, 801–02 (1972); *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949, 952 (1969), *overruled in part on other grounds by Blake v. Commonwealth*, Ky., 646 S.W.2d 718 (1983). Our review of the record shows that the Commonwealth's omission did not in any way prejudice Smith's opportunity to prepare a meaningful defense, and that no likely possibility exists that Smith's defense or the result of the trial would have been any different had the Commonwealth more specifically informed

him under which subsection(s) it was proceeding.

The circuit court's judgment is affirmed.

ALL CONCUR.