RENDERED: JULY 14, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0231-MR

DEPARTMENT OF REVENUE,
FINANCE AND ADMINISTRATION
CABINET, COMMONWEALTH OF
KENTUCKY                                                           APPELLANT

|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
| --- | --- |
| v. | HONORABLE PHILLIP J. SHEPHERD, JUDGE |
|  | ACTION NO. 19-CI-00655 |

CARRIAGE FORD, INC.                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND JONES, JUDGES.

DIXON, JUDGE: The Commonwealth of Kentucky, Finance and Administration

Cabinet, Department of Revenue (KDOR), appeals from the order of the Franklin

Circuit Court entered on January 25, 2022, reversing and remanding the final order

of the Kentucky Claims Commission (KCC)[1] issued on May 31, 2019, dismissing the claim of Carriage Ford, Inc. (Carriage Ford) against KDOR. Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Carriage Ford is an Indiana car dealership whose customers include Kentucky residents. Many of its Kentucky customers drove purchased vehicles off the lot, while others were delivered in Kentucky. Carriage Ford collected "State and local" taxes, using a "Retail Buyer's Order form" to collect Kentucky's motor vehicle usage tax (MVUT) for its Kentucky customers and deposited the funds into its corporate account. It acted as an agent for its customers and delivered assigned certificates of title and other documents necessary to register the vehicles to the appropriate Kentucky county clerks. Carriage Ford paid for titling, registration, and the MVUT out of its account.

In 2015, the Indiana Department of Revenue (INDOR) audited Carriage Ford for tax years 2012 through 2014. INDOR found that Carriage Ford owed Indiana sales tax for the transactions where its vehicles were sold to Kentucky customers who took possession of the vehicles in Indiana. Rather than analyze every transaction for the tax years in question, INDOR and Carriage Ford

---

[1] In 2021, KCC was replaced by the Office of Claims and Appeals and the Kentucky Board of Claims. *See* Kentucky Revised Statutes (KRS) 12.020, KRS 13B.020, and KRS 49.010 *et seq*.

agreed to use a "sample methodology" to analyze a few months' transactions and extrapolate from them to approximate the tax liability. Under Indiana's tax amnesty program, Carriage Ford satisfied its Indiana tax bill for $183,003 – an amount less than the assessed tax – and paid no interest or penalties.

After Carriage Ford settled with INDOR, it requested a refund from KDOR. Carriage Ford submitted evidence that it paid $256,862.16 in MVUT but only requested a refund of $183,003 – the amount of Indiana sales tax it paid – plus interest. KDOR denied Carriage Ford's request, asserting it was ineligible because the MVUT was due when the vehicles were titled and registered in Kentucky and there was no evidence a substantially identical tax had been paid *__at that time__*. KDOR further claimed Carriage Ford was neither the "taxpayer" authorized to make the "application or claim for the refund" nor "the person who paid the tax" as required pursuant to KRS 134.580(2) and (3).

Carriage Ford appealed KDOR's final ruling to the KCC. Both Carriage Ford and KDOR moved the KCC for summary judgment. The KCC ultimately upheld KDOR's final ruling, concluding only the Kentucky customers are entitled to a credit against the MVUT for taxes paid in another state.

Carriage Ford appealed the KCC's final order to the Franklin Circuit Court. In its opinion and order, the trial court reversed the KCC's order, finding

substantial evidence supporting the fact that Carriage Ford paid the MVUT even though it was not due. This appeal followed.

## STANDARD OF REVIEW

It is well-settled that:

> [t]he basic scope of judicial review of an administrative decision is limited to a determination of whether the agency's action was arbitrary. *Bobinchuck v. Levitch*, [380 S.W.2d 233 (Ky. 1964).] If an administrative agency's findings of fact are supported by substantial evidence of probative value, they must be accepted as binding and it must then be determined whether or not the agency has applied the correct rule of law to the facts so found. [*Kentucky Unemployment Ins. Comm'n v. Landmark Cmty. Newspapers of Kentucky, Inc.*, 91 S.W.3d 575 (Ky. 2002).] The Court of Appeals is authorized to review issues of law involving an administrative agency decision on a *de novo* basis. [*Aubrey v. Office of the Att'y Gen.*, 994 S.W.2d 516 (Ky. App. 1998)]. In particular, an interpretation of a statute is a question of law and a reviewing court is not bound by the agency's interpretation of that statute. *Halls Hardwood Floor Co. v. Stapleton*, [16 S.W.3d 327 (Ky. App. 2000).]

*Liquor Outlet, LLC v. Alcoholic Beverage Control Bd.*, 141 S.W.3d 378, 381 (Ky. App. 2004).

## LEGAL ANALYSIS

On appeal, KDOR argues the trial court erred in determining Carriage Ford was the "taxpayer" under KRS 134.580, rather than its customers. However, in pertinent part, KRS 134.580(2) provides, "When money has been paid into the

State Treasury in payment of any state taxes . . . the appropriate agency shall authorize refunds ***to the person who paid the tax*** . . . of any overpayment of tax and any payment where no tax was due." (Emphasis added.)

Here, there is no dispute that Carriage Ford paid Kentucky's MVUT and Indiana's sales tax on the same vehicles. Contrary to KDOR's arguments, it matters not that Carriage Ford was not technically liable for or the "person" required to pay the MVUT or that it might not be considered a "taxpayer" as defined in other statutes. Following such logic would lead to the absurd result that Carriage Ford would not receive a refund for payment of the MVUT after it presented proof that it paid Indiana sales tax for the same vehicles.

It is a well-established principle of statutory construction that courts "should not . . . interpret [a] statute to provide an absurd result." *Commonwealth v. Reynolds*, 136 S.W.3d 442, 445 (Ky. 2004). The interpretations KDOR urges us to follow are patently unfair to Carriage Ford who paid a substantially similar tax twice. Long ago, in *George v. Scent*, 346 S.W.2d 784 (Ky. 1961), Kentucky's highest court denounced interpretations of the MVUT which would require payment of two similar taxes on the same purchase. There is no reason to depart now.

Unfortunately, however, there is a dearth of law on whether a person who pays the MVUT can receive credit ***after*** registering a motor vehicle in

Kentucky, as occurred in the case herein. Even so, Kentucky's Office of the Attorney General (OAG) has opined that those who pay the MVUT "should without exception be credited with the tax paid in the foreign state when registering [a] motor vehicle in Kentucky upon proof that the sales tax was in fact paid in the foreign state." 1978-1979 Ky. Op. Atty. Gen. 2-426 (1979). The OAG further opined that there are instances where "[a]t first blush, it might seem that [one] would not be entitled to credit for the amount of the sales tax paid in the foreign state because of a mere procedural quirk." *Id.* In the case discussed in that opinion, the vehicle was not registered in a foreign state when offered for registration in Kentucky; thus, it appeared the taxpayer was ineligible for a refund under KRS 138.460. However, "[b]ecause such a construction of the statute does violence to the legislative intent, [the OAG] specifically decline[d] to adopt such an interpretation[.]" OAG 2-426. A similar approach should be followed herein.

KRS 138.460 pertains to the imposition, rate, collection, and refund of the MVUT. KRS 138.460(6)(a), in relevant part, provides that "[w]hen a person offers a motor vehicle: . . . [f]or registration . . . in this state which was registered in another state that levied a tax substantially identical to the tax levied under this section, the person shall be entitled to receive a credit against the tax imposed by this section equal to the amount of tax paid to the other state."

Again, KDOR urges our court to engage in a hyper-technical reading of this statute that would lead to its desired, but absurd, result. It argues that because Carriage Ford did not pay the Indiana taxes until *__after__* it registered the vehicles in Kentucky, it should not be entitled to receive a credit for payment of the Indiana taxes. This runs counter to the guidance of the Supreme Court of Kentucky that courts "should not . . . interpret [a] statute to provide an absurd result." *Reynolds*, 136 S.W.3d at 445. Carriage Ford provided proof that it paid the Indiana sales tax; therefore, as the trial court correctly concluded, it "shall be entitled to receive a credit" under KRS 138.460(6)(a).

KDOR further argues that KRS 134.580(3) bars all, or some, of Carriage Ford's claims under its four-year statute of limitations. In pertinent part, it states, "No refund shall be made unless each taxpayer individually files an application or claim for the refund within four (4) years from the date payment was made."

Again, this case presents what appears to be a unique situation because INDOR did not conduct its audit of Carriage Ford for tax years 2012 through 2014 until 2015. Accordingly, Carriage Ford did not pay Indiana's sales taxes until sometime between 2015 and March 17, 2016, when it made a claim for a refund to KDOR. There is little or no guidance in what to do in this situation.

Nevertheless, Kentucky's highest court determined, under a prior version of this statute, that the statute of limitations begins to run "after the fee was paid into the state treasury." *Dep't of Conservation v. Co-De Coal Co.*, 388 S.W.2d 614, 617 (Ky. 1964), *as modified on denial of reh'g* (Mar. 26, 1965). Based on this, and from the text of the statute, Carriage Ford was not barred from challenging refunds for payments made after March 17, 2016. Furthermore, since Carriage Ford paid $256,862.16 in MVUT over the three-year period and is only requesting a refund for $183,003, plus interest, to offset the Indiana sales tax, the refund requested is doubtlessly offset by payments made to the Kentucky State Treasury during the period not barred by the statute of limitations. (Carriage Ford asserts in its brief that the amounts claimed were for tax paid between April 2012 and June 2014; therefore, the statute of limitations would not bar its claims.)

Due to our resolution of these issues, we need not address KDOR's further arguments, such as those concerning equitable relief.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Franklin Circuit Court is AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Bethany Atkins Rice              Mark A. Loyd
Kevin Beiting                    Bailey Roese
Frankfort, Kentucky              Stephanie M. Bruns
                                 Louisville, Kentucky